1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAJ SINGH, and KAREN SINGH a/k/a/          No.  2:15-cv-0997 MCE AC (PS)
     KIRAN RAWAT,
12
                     Plaintiffs,
13                                              ORDER

14          v.

15   CITY OF SACRAMENTO, et al.,

16                   Defendants.

17

18          Plaintiff Raj Singh is proceeding in this action in pro per.  This proceeding was referred to

19   the undersigned by E.D. Cal. R. 302(c)(21).  This matter came on for hearing on defendant's

     motion to dismiss, and plaintiff's motions for default and default judgment.  Based upon the
20
     motion papers and discussion with the parties at the hearing, it became clear that plaintiff Raj
21
     Singh intended to include Karen Singh a/k/a Kiran Rawat as a plaintiff in this action.[1]
22
            However, in forma pauperis ("IFP") status was granted to plaintiff Raj Singh alone.  See
23
     ECF No. 3; 28 U.S.C. § 1915(a)(1).  Accordingly, Karen Singh a/k/a/ Kiran Rawat will be
24
     ordered to file an IFP application for Karen Singh a/k/a Kiran Rawat, or the filing fee will have to
25
     be paid.
26

     _____
27   [1]  The court refers to "plaintiff" in the singular, because as a pro se litigant, Raj Singh cannot
     represent Karen Singh a/k/a Kiran Rawat, or anyone else other than himself.  Accordingly, the
28   court considers plaintiff's motions to be brought only on behalf of Raj Singh.

                                                   1

1

I.  BACKGROUND

2          Plaintiff is suing the City of Sacramento for taking his properties without just

3   compensation, and without due process.  Complaint (ECF No. 1).  The City moves to dismiss on

4   the grounds that (1) Raj Singh is not the owner of the properties, and that only Kiran Rawat is the

5   owner; and (2) the action is brought outside Section 1983's two-year statute of limitations.

6   Plaintiff moves for default judgment.[2]

7                                    II.  THE COMPLAINT

8          The Complaint alleges that "from 2012 through the present," or "from 2012 to 2014," the

9   City declared plaintiff's properties "uninhabitable," terminated city services to the properties,

10   boarded-up the properties, and then demolished the buildings "without informing the owners,"

11   without providing a due process hearing, and without just compensation.

12          The Complaint asserts claims under Section 1983, for illegal search and seizure,

13   deprivation of property without due process, and the taking of property without just

14   compensation.  It also alleges state claims.

15                                  III.  MOTION TO DISMISS

16          Relying on documents for which they seek judicial notice, defendants argue that neither

17   the caption plaintiff (Raj Singh), nor the complaint plaintiffs (Raj Singh and Karen Singh), have

18   standing, because the property at issue was owned at all relevant times by Kiran Rawat, Trustee

19   of the Sitaram Trust.  ECF No. 15 1 at 11 12.  They also argue that the two-year statute of

20   limitations has expired because plaintiff's claims "began to accrue at the point in time the

21   Complaint alleges the City first deprived plaintiffs of their rights with respect to the subject

22   properties," namely, 2010 or 2012.  ECF No. 15 1 at 12.

23          A.  Dismissal Standards

24          The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

25   sufficiency of the Complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th

26   _____

27   [2]  Plaintiff also requests that the court "report" the City's attorney to the state bar, apparently
because he disagrees with the City's statute of limitations argument, and possibly because of the
City's argument that the action should be dismissed because Kiran Rawat's absence from the case
28   deprives plaintiff of standing.  See ECF No. 17 at 2.  That request is DENIED.

1   Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

2   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

3   F.2d 696, 699 (9th Cir. 1990).

4        In order to survive dismissal for failure to state a claim, a complaint must contain more

5   than a "formulaic recitation of the elements of a cause of action;" it must contain factual

6   allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v.

7   Twombly, 550 U.S. 544, 555 (2007).  It is insufficient for the pleading to contain a statement of

8   facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of

9   action.  Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235 35

10  (3d ed. 2004)).  Rather, the complaint "must contain sufficient factual matter, accepted as true, to

11  'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

12  (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads

13  factual content that allows the court to draw the reasonable inference that the defendant is liable

14  for the misconduct alleged."  Id.

15       In reviewing a complaint under this standard, the court "must accept as true all of the

16  factual allegations contained in the complaint," construe those allegations in the light most

17  favorable to the plaintiff, and resolve all doubts in the plaintiffs' favor.  See Erickson v. Pardus,

18  551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954,

19  960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th

20  Cir. 2010).  However, the court need not accept as true, legal conclusions cast in the form of

21  factual allegations, or allegations that contradict matters properly subject to judicial notice.  See

22  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State

23  Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

24       Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

25  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may

26  only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support

27  of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th

28  Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an

1    opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

2    Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

3          B.  Requests for Judicial Notice

4          "A court shall take judicial notice if requested by a party and supplied with the necessary

5    information."  Fed. R. Evid. 201(d).  "A judicially noticed fact must be one not subject to

6    reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the

7    trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy

8    cannot reasonably be questioned."  Fed. R. Evid. 201(b).

9          C.  Analysis

10           1.  Request for Judicial Notice

11         The City seeks judicial notice of Exhibit 1 (ECF No. 15 3 at 1 79), showing plaintiff Raj

12   Singh's status as a vexatious litigant in state court.  See ECF No. 15 3 at 5 & 68.  The City does

13   not cite this document for any argument or assertion.  It also offers no explanation why this

14   document is relevant to this motion or to this case, and the relevance of the document is not

15   apparent from its face.  The request for judicial notice of this document will therefore be denied.

16         The City also seeks judicial notice of Exhibits 2-4 (ECF No. 15-3 at 81, 83-84, 86-88),

17   showing that the properties at issue are owned by Kiran Rawat.  These documents are therefore

18   relevant to this motion, and according to the face of the documents, or the representations of the

19   attorney for the City, they are recorded at the County Recorder's Office.  See ECF No. 15-2

20   ¶¶ 2-4).  The request for judicial notice of these documents will therefore be granted.

21           2.  Standing

22         The City argues that plaintiff has no standing because Kiran Rawat is the owner of the

23   subject properties, not Raj Singh.  However, plaintiff Raj Singh asserts in his papers, and

24   confirmed at the hearing on the motion, that Karen Singh, whom he intended to include as a

25   plaintiff, is the same person as Kiran Rawat.  Plaintiff's Opposition to Defendants' Motion To

26   Dismiss (ECF No. 17) at 2 ("Defendant states that Kiran Rawat AKA Karen Singh is the owner

27   of the subject properties.  Karen Singh is named plaintiff here.").  Indeed, defendants' own

28   motion identifies "Kiran Rawat" as being the trustee of the Sitaram Trust, which is essentially the

1  same way Karen Singh is described in the Complaint.[3]

2       Since plaintiff, proceeding without counsel, intended to name Karen Singh a/k/a/ Kiran

3  Rawat as a plaintiff in this case, and since Rawat will be added as a plaintiff (upon paying the

4  filing fee or being granted IFP status), the motion to dismiss for lack of standing will be denied.

5            3.  <u>Statute of Limitations</u>

6            a.  <u>The two year statute of limitations applies</u>

7       The statute of limitations for plaintiff's Section 1983 claims is two years, incorporating

8  California's limitations period for personal injury claims.  <u>Jackson v. Barnes</u>, 749 F.3d 755, 761

9  (9th Cir. 2014), <u>cert. denied</u>, 135 S. Ct. 980 (2015).  The same limitations period applies even for

10  a "takings" claim for injury to property.  <u>Hacienda Valley Mobile Estates v. City of Morgan Hill</u>,

11  353 F.3d 651, 655 & n.2 (9th Cir. 2003) ("Taking claims must be brought under § 1983," and in

12  California, are also subject to the limitations period applicable to personal injury claims), <u>cert.</u>

13  <u>dismissed</u>, 543 U.S. 1041 (2004).

14       Plaintiff cites <u>Owens v. Okure</u>, 488 U.S. 235 (1989) for the proposition that the limitations

15  period is three years – not two – when injury to property is involved.  <u>See</u> ECF No. 17 at 2.

16  Plaintiff's argument is understandable, but incorrect.  The statute of limitations for *all*

17  Section 1983 claims is the same as the limitations period applicable to "residual or general

18  personal injury" claims under the applicable state law.  <u>Owens v. Okure</u>, 488 U.S. 235, 236

19  (1989).  In <u>Owens</u>, New York's law applied, and that limitations period was three years.  <u>Owens</u>,

20  488 U.S. at 251 ("The Court of Appeals therefore correctly applied New York's 3-year statute of

21  limitations governing general personal injury actions to respondent Okure's claim").  Here,

22  California's law applies, and that limitations period is two years.  <u>Jackson</u>, 749 F.3d at 761 (citing

23  the two year personal injury limitations period provided by Cal. Civ. Proc. Code § 335.1).

24            b.  <u>Accrual of the claim</u>

25       A Section 1983 claim accrues – and the statute of limitations clock starts running – "when

26  the plaintiff knows or has reason to know of the injury which is the basis of the action."

27

28      [3]  Also, Karen Singh, appearing pro se, has filed a document asking to add "Karen Singh a/k/a
Kiran Rawat" to the complaint as a plaintiff.  ECF No. 20.

1   TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999);  Lukovsky v. City & Cty. of San

2   Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (same), cert. denied, 556 U.S. 1183 (2009).

3        The City asserts that plaintiff's claims "accrued" in 2010 or 2012, when the City first

4   allegedly started violating his rights.  However, the Complaint is vague as to dates; it does not

5   show that plaintiff's injuries occurred *in* 2010 or 2012.  While this form of pleading is not ideal,

6   the fact is that plaintiff is not *required* to plead specific dates so as to defeat a statute of

7   limitations defense.  Plaintiff will have an opportunity to amend his complaint to be more specific

8   about dates, but will not be required to do so.

9        The Complaint does allege that "[f]rom 2012 through present," the City stopped providing

10  trash service and "declared both properties uninhabitable," among other things.  Complaint ¶¶ 13,

11  14.  If the ending of the trash service and the declaration that the properties was uninhabitable are

12  the injuries plaintiff is basing his Section 1983 claim on, and if those things occurred *in* 2012,

13  then indeed the claim – as to those injuries – may well be barred by the two-year statute of

14  limitations.  However, the complaint is worded in such a way that the court cannot determine for

15  certain that those events occurred – as to both properties – in 2012.  The complaint, read in the

16  light most favorable to plaintiff, can be read to allege that although some objectionable conduct

17  may have occurred in 2010 or 2012, a distinct injury may have occurred within the statute of

18  limitations.

19       Moreover, the Complaint alleges that plaintiff's properties were illegally boarded up and

20  then demolished, with no hearing and no just compensation, sometime between 2010 and 2014 or

21  between 2010 and the present.  There is no date specified for those actions.  The specific dates for

22  each alleged injury is best left to an amended complaint, if plaintiff chooses to amend his

23  complaint, or to a motion for summary judgment.

24              IV.  MOTION FOR DEFAULT AND FOR DEFAULT JUDGMENT

25       Plaintiff requests the entry of a default and a default judgment against the City.  The City

26  was served on or about October 30, 2015 or November 16, 2015.  ECF No. 11 (U.S. Marshal

27  Process Receipt and Return, and Waiver of Service and Summons).  The City waived service of

28  the summons on November 16, 2015, and filed a responsive pleading on December 28, 2015,

1    within the 60 days allowed to do so (whether reckoned from October 30th or November 16th).

2    See Fed. R. Civ. P. 4(d)(3).  There is no evidence that any other defendant was ever served.

3    Accordingly, no defendant is in default.

4          At the hearing on this matter, plaintiff indicated that a private entity effected service

5    independently of the U.S. Marshal.  However, there is no evidence of any other service other than

6    that filed by the U.S. Marshal.  Even if plaintiff could show that the City missed the deadline for

7    filing its responsive pleading, it plainly is participating in the litigation now and plaintiff has not

8    shown any harm resulting from any alleged delay.  Accordingly, any default the City may have

9    incurred would be set aside.

10                                          V.  CONCLUSION

11         For the reasons stated above, IT IS HEREBY ORDERED that:

12         1.  Going forward, the party caption for this case is "Raj Singh, and Karen Singh a/k/a

13   Kiran Rawat v. City of Sacramento."  Raj Singh and Karen Singh are cautioned that no pro se

14   plaintiff may represent anyone other than himself or herself in this litigation, nor submit pleadings

15   on behalf of another.

16         2.  Within 10 days of this order, Karen Singh a/k/a Kiran Rawat shall file an application to

17   proceed in forma pauperis, or the required filing fee must be paid.

18         3.  Defendant's requests for judicial notice are GRANTED as to Exhibits 2-4, and

19   otherwise DENIED.

20         4.  Defendant's Motion To Dismiss (ECF No. 15), is DENIED in its entirety.

21         5.  Notwithstanding the denial of defendant's motion to dismiss, plaintiff is granted 30

22   days to file an amended complaint, if he chooses to do so.  No leave is required to amend, or to

23   add Karen Singh a/k/a Kiran Rawat as a plaintiff.

24         6.  Plaintiff's Request to Enter Default and Default Judgment (ECF No. 17), is DENIED.

25   ////

26   ////

27   ////

28   ////

                                                    7

1    7.  By separate Minute Order, the court will re-schedule an initial Status Conference.  The

2  parties shall comply with the instructions set forth in ECF No. 5 (Order Setting Status

3  Conference) and its attachments, in connection with the Status Conference and the form regarding

4  "Consent or Decline to Consent to Jurisdiction of a United States Magistrate Judge."

5  DATED: February 4, 2016

6                                                    _____

7                                                    ALLISON CLAIRE
                                                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28