UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJ SINGH, and KAREN SINGH a/k/a KIRAN RAWAT,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:15-cv-0997 MCE AC (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiffs Raj Singh and Karen Singh a/k/a Kiran Rawat are proceeding pro per in this action, and the court has granted Raj Singh permission to proceed in forma pauperis. Karen Singh now seeks permission to proceed in forma pauperis. This proceeding was referred to the undersigned by E.D. Cal. R. 302(c)(21).

Karen Singh has submitted the affidavit required by § 1915(a) showing that she is unable to prepay fees and costs or give security for them. ECF No. 25. Accordingly, her request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

On February 4, 2016, the undersigned issued an order (1) denying defendants' motion to dismiss, but permitted plaintiffs to amend the complaint if they chose to do so, and (2) denying plaintiffs' motion for a default judgment. ECF No. 22. Those motions should have been resolved as Findings and Recommendations. Accordingly, the order of February 4, 2016 will be vacated, and replaced with this Order and Findings and Recommendations.

## I. BACKGROUND

Plaintiffs are suing the City of Sacramento, and manager of code enforcement, for taking their properties without just compensation, and without due process. Complaint (ECF No. 1). Defendant City moves to dismiss on the grounds that (1) Raj Singh is not the owner of the properties, and that only Kiran Rawat is the owner; and (2) the action is brought outside Section 1983's two-year statute of limitations. ECF No. 15. Plaintiff moves for default judgment. ECF No. 17.

## II. THE COMPLAINT

The Complaint alleges that "from 2012 through the present," or "from 2012 to 2014," the City declared plaintiff's properties "uninhabitable," terminated city services to the properties, boarded-up the properties, and then demolished the buildings "without informing the owners," without providing a due process hearing, and without just compensation.

The Complaint asserts claims under Section 1983, for illegal search and seizure, deprivation of property without due process, and the taking of property without just compensation. It also alleges state claims.

## III. MOTION TO DISMISS

Relying on documents for which they seek judicial notice, defendants argue that the plaintiffs have no standing, because the property at issue was owned by Kiran Rawat, Trustee of the Sitaram Trust, at all relevant times. ECF No. 15-1 at 11-12. They also argue that the two-year statute of limitations has expired because plaintiff's claims "began to accrue at the point in time the Complaint alleges the City first deprived plaintiffs of their rights with respect to the subject properties," namely, 2010 or 2012. ECF No. 15-1 at 12.

A. <u>Dismissal Standards</u>

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the Complaint. <u>N. Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiffs' favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

////

B. <u>Requests for Judicial Notice</u>

"A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

C. <u>Analysis</u>

1. <u>Request for Judicial Notice</u>

The City seeks judicial notice of Exhibit 1 (ECF No. 15-3 at 1-79), showing plaintiff Raj Singh's status as a vexatious litigant in state court. See ECF No. 15-3 at 5 & 68. The City does not cite this document for any argument or assertion. It also offers no explanation for why this document is relevant to this motion or to this case, and the relevance of the document is not apparent from its face. The request for judicial notice of this document will therefore be denied.

The City also seeks judicial notice of Exhibits 2-4 (ECF No. 15-3 at 81, 83-84, 86-88), showing that the properties at issue are owned by Kiran Rawat. These documents are therefore relevant to this motion, and according to the face of the documents (or the representations of the attorney for the City), they are recorded at the County Recorder's Office. See ECF No. 15-2 ¶¶ 2-4). The request for judicial notice of these documents will therefore be granted.

2. <u>Standing</u>

The City argues that plaintiff has no standing because Kiran Rawat is the owner of the subject properties, not Raj Singh or Karen Singh. This argument is moot, because it is clear from the complaint, and was confirmed at the hearing on this matter, that the complaint intended to name Karen Singh a/k/a/ Kiran Rawat as a plaintiff in this case.[1]  Accordingly, the motion to dismiss for lack of standing should be denied.

////

////

---

[1] In addition, Karen Singh, appearing pro se, has filed a document asking to add "Karen Singh a/k/a Kiran Rawat" to the complaint as a plaintiff. ECF No. 20.

### 3. Statute of Limitations

#### a. The two year statute of limitations applies

The statute of limitations for plaintiff's Section 1983 claims is two years, incorporating California's limitations period for personal injury claims. Jackson v. Barnes, 749 F.3d 755, 761 (9th Cir. 2014), cert. denied, 135 S. Ct. 980 (2015). The same limitations period applies even for a "takings" claim for injury to property. Hacienda Valley Mobile Estates v. City of Morgan Hill, 353 F.3d 651, 655 & n.2 (9th Cir. 2003) ("Taking claims must be brought under § 1983," and in California, are also subject to the limitations period applicable to personal injury claims), cert. dismissed, 543 U.S. 1041 (2004).

Plaintiff cites Owens v. Okure, 488 U.S. 235 (1989) for the proposition that the limitations period is three years – not two – when injury to property is involved. See ECF No. 17 at 2. Plaintiff's argument is understandable, but incorrect. The statute of limitations for all Section 1983 claims is the same as the limitations period applicable to "residual or general personal injury" claims under the applicable state law. Owens, 488 U.S. at 236. In Owens, New York's law applied, and that limitations period was three years. Id. at 251 ("The Court of Appeals therefore correctly applied New York's 3-year statute of limitations governing general personal injury actions to respondent Okure's claim"). Here, California's law applies, and that limitations period is two years. Jackson, 749 F.3d at 761 (citing the two year personal injury limitations period provided by Cal. Civ. Proc. Code § 335.1).

#### b. Accrual of the claim

A Section 1983 claim accrues – and the statute of limitations clock starts running – "when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Lukovsky v. City & Cty. of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (same), cert. denied, 556 U.S. 1183 (2009).

The City asserts that plaintiff's claims "accrued" in 2010 or 2012, when the City first allegedly started violating his rights. However, the Complaint is vague as to dates; it does not show that plaintiff's injuries occurred *in* 2010 or 2012. While this form of pleading is not ideal,

////

1  the fact is that plaintiff is not *required* to plead specific dates so as to defeat a statute of
2  limitations defense.
3        The Complaint does allege that "[f]rom 2012 through present," the City stopped providing
4  trash service and "declared both properties uninhabitable," among other things. Complaint ¶¶ 13,
5  14. If the ending of the trash service and the declaration that the properties was uninhabitable are
6  the injuries plaintiff is basing his Section 1983 claim on, and if those things occurred in 2012,
7  then indeed the claim – as to those injuries – may well be barred by the two-year statute of
8  limitations. However, the complaint is worded in such a way that the court cannot determine for
9  certain that those events occurred – as to both properties – in 2012. The complaint, read in the
10 light most favorable to plaintiff, can be read to allege that although some objectionable conduct
11 may have occurred in 2010 or 2012, a distinct injury may have occurred within the statute of
12 limitations.
13       Moreover, the Complaint alleges that plaintiff's properties were illegally boarded up and
14 then demolished, with no hearing and no just compensation, sometime between 2010 and 2014 or
15 between 2010 and the present. There is no date specified for those actions.
16       Because untimeliness is not apparent from the face of the complaint, the motion to dismiss
17 should be denied.
18       IV.  MOTION FOR DEFAULT AND FOR DEFAULT JUDGMENT
19       Plaintiff requests the entry of a default and a default judgment against the City. The City
20 was served on or about October 30, 2015 or November 16, 2015. ECF No. 11 (U.S. Marshal
21 Process Receipt and Return, and Waiver of Service and Summons). The City waived service of
22 the summons on November 16, 2015, and filed a responsive pleading on December 28, 2015,
23 within the 60 days allowed to do so (whether reckoned from October 30th or November 16th).
24 See Fed. R. Civ. P. 4(d)(3). There is no evidence that any other defendant was ever served.
25 Accordingly, no defendant is in default.
26       At the hearing on this matter, plaintiff indicated that a private entity effected service
27 independently of the U.S. Marshal. However, there is no evidence of any other service other than
28 that filed by the U.S. Marshal. Even if plaintiff could show that the City missed the deadline for

filing its responsive pleading, it plainly is participating in the litigation now and plaintiff has not shown any harm resulting from any alleged delay. Accordingly, any default the City may have incurred would likely be set aside.

## V.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. The order of February 4, 2016 (ECF No. 22), is VACATED.

2. Going forward, the plaintiffs in this case, as reflected in the corrected caption, are "Raj Singh, and Karen Singh a/k/a Kiran Rawat." Raj Singh and Karen Singh are cautioned that no pro se plaintiff may represent anyone other than himself or herself in this litigation, nor submit pleadings on behalf of another.

3. The application of Karen Singh a/k/a Kiran Rawat to proceed in forma pauperis (ECF No. 25), is GRANTED.

4. Defendant's requests for judicial notice are GRANTED as to Exhibits 2-4, and otherwise DENIED.

Further, IT IS HEREBY RECOMMENDED that:

1. Defendant's Motion To Dismiss (ECF No. 15), should be DENIED in its entirety.

2. Plaintiff's Request to Enter Default and Default Judgment (ECF No. 17), should be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. <u>Id.</u>; <u>see also</u> Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order.

////

////

Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 15, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE