1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAJ SINGH and KAREN SINGH a/k/a         No.  2:15-cv-0997 AC PS
     KIRAN RAWAT ,
12
                    Plaintiffs,
13                                           ORDER
            v.
14
     CITY OF SACRAMENTO,
15
                    Defendant.
16

17

18         This matter comes before the court on plaintiffs' motion to amend the complaint and for

19   discovery.  ECF No. 40.  A hearing was held on January 24, 2018.  ECF No. 45.  Raj Singh

20   appeared on behalf of himself and Katherine Underwood appeared on behalf of the defendant.

21   The parties have consented to the jurisdiction of the magistrate judge.  ECF No. 37.  For the

22   reasons stated at hearing, the court DENIES plaintiffs motion to amend.

23                                  I.  BACKGROUND

24         Plaintiff Raj Singh, acting in pro se, filed his original complaint on May 7, 2015.  ECF

25   No. 1.  The complaint asserts claims under 42 U.S.C. § 1983 for illegal search and seizure,

26   deprivation of property without due process, and the taking of property without just

27   compensation.  It also presents state law claims.

28   ////

Plaintiffs' difficulties effecting service caused significant delays at the outset of the case. See ECF Nos. 7 (Order to Show Cause why case should not be dismissed for lack of prosecution), 9 (order discharging OSC and directing plaintiff to submit service documents), 10 (recommendation that action be dismissed for lack of prosecution), 16 (order vacating recommendation of dismissal). Following the City's waiver of service, ECF No. 11, plaintiffs moved for default judgment and defendant moved to dismiss. Both motions were denied in May of 2016. ECF Nos. 27, 28. Following the parties' consent to magistrate judge jurisdiction, the undersigned issued a Pretrial Scheduling Order on October 27, 2016. ECF No. 38. Among other things, the order dismissed defendant Ron O'Connor and the Doe defendants because they had not been served and the time for service had expired. Id. at 1:24-18.

## II. MOTION TO AMEND

Plaintiffs' motion, ECF No. 40, seeks to restore previously dismissed defendant Ron O'Connor to the complaint. Plaintiffs also seek to reopen discovery, which closed on November 10, 2017, ECF No. 38 at 7, and to compel production of unspecified documents.

Motions to amend the pleadings are generally governed by the liberal standard of Rule 15(a) of the Federal Rules of Civil Procedure. However, once the court has issued a pretrial scheduling order, Rule 16(b) supplies the governing standard. The pretrial scheduling order "may be modified only for good cause" shown by the party seeking to modify the schedule. Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). The good cause standard also applies to plaintiff's requests related to discovery, which also require modification of the operative scheduling order. See Fed. R. Civ. Proc. 16(b)(4).

The good cause inquiry focuses on the "diligence of the party seeking amendment." Johnson, 975 F.2d at 609; see also 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). "If that party was not diligent, the inquiry should end." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. (citation omitted).

At the hearing, plaintiff was provided an opportunity to proffer facts establishing his diligence and thus support good cause. Mr. Singh repeated the general assertion in his moving papers that he should be permitted to add Ron O'Connor to the complaint at this time because he only recently discovered where Mr. O'Connor is, and had been unable to identify his whereabouts earlier. Mr. Singh acknowledged that he had not made any formal discovery request to the City seeking contact information for Mr. O'Connor, who is a former city employee. In light of this fact, the court cannot find the necessary diligence. This case has been pending for over two and a half years, discovery is closed, and amendment to add an additional defendant would only cause further delay. Plaintiff has not established good cause to justify such delay.

Plaintiff further seeks to compel discovery from the City. Counsel for the city represented at the hearing that she had timely made the mandatory initial disclosures, and Mr. Singh did not dispute the adequacy of those disclosures prior to the expiration of the discovery motion deadline or at the hearing. Moreover, Mr. Singh acknowledged at the hearing that he did not formally propound any requests for production of documents pursuant to Fed. R. Civ. Proc. 34 or any interrogatories pursuant to Fed. R. Civ. Proc. 33 during the discovery period. He did attempt to depose two people, and sought unspecified documents in relation to the depositions by means of subpoenas duces tecum. However, plaintiff did not bring any motion to compel prior to expiration of the discovery motion deadline (October 11, 2017), or otherwise bring his dissatisfaction with the results of his efforts to the court's attention in a timely manner. Plaintiffs have not established diligence or good cause to re-open discovery or compel the production of discovery.

At hearing, counsel for defendant indicated willingness to voluntarily provide to plaintiffs the documents she has identified to date for use in her case in chief should this action proceed to trial. The City will be ordered to do so.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 40) is DENIED;

////

3

2. Defendant is ordered to provide plaintiffs with the documents discussed at the hearing within 7 days of this order.

IT IS SO ORDERED.

DATED: January 25, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE