UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAJ SINGH and KAREN SINGH a/k/a KIRAN RAWAT,

Plaintiffs,

v.

CITY OF SACRAMENTO, et al.,

Defendants.

No. 2:15-cv-0997 AC PS

ORDER

The court has reviewed plaintiffs' response (ECF No. 60) to this court's June 7, 2018 Order To Show Cause (ECF No. 58). To the extent that plaintiffs suggest they were not properly served with the OSC, plaintiffs are wrong. Because plaintiffs are not authorized electronic filers, all service of documents by the court and by opposing counsel is made by mail sent to plaintiffs' address of record. See E.D. Cal. Local Rules 135(b), 183(c); Rule 5(b)(2)(C), Fed. R. Civ. P. It is plaintiffs' obligation to provide the Clerk of Court with a valid and current address for service, and the mailing of documents to that address constitutes fully effective service regardless of receipt by plaintiffs. Local Rules 182(f) & 183(c). The court will nonetheless discharge the Order to Show Cause.

Both plaintiffs' response to the OSC and their "Request Not to Rule on Motion," ECF No. 59, further contend that plaintiffs were not properly served with defendant's pending motion for

1

summary judgment. The court construes these filings as a request to reopen briefing on the motion for summary judgment (ECF No. 55). Although the court will vacate submission of the motion and provide one last opportunity for plaintiffs to file a response, plaintiffs are strongly cautioned that they must comply with the Federal Rules of Civil Procedure and the Local Rules of this court, and that they may not avoid operation of the rules by avoiding service.

Plaintiffs contend that defense counsel refused to provide the summary judgment motion and its attachments by email, and that plaintiffs did not receive a service copy in the mail. Defense counsel has independently informed the court that mail sent to plaintiff's address of record – a P.O. Box – has been returned as unclaimed. See ECF No. 57. Having reviewed the attachments to counsel's letter, the court finds that the motion for summary judgment was effectively served pursuant to the applicable rules by mailing to plaintiffs' address of record.

Defendants are under no obligation to provide email copies of documents to plaintiffs. Having provided the court with a P.O. Box address for conventional service, it is plaintiffs' responsibility to frequently collect all mail sent to that address. As already explained, service is deemed effective as a matter of law upon mailing to the address of record. Rule 5(b)(2)(C), Fed. R. Civ. P. If that address is no longer a valid mailing address for plaintiffs, it is their responsibility to provide a new one. Local Rule 182(f) provides that parties are "under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number. . . Absent such notice, service of documents at the prior address of the […] pro se party shall be fully effective." E.D. Cal. L.R. 182(f). Plaintiffs may change their address for service by filing a notice of change of address with the court.

Plaintiffs are reminded that failure to comply with this or future court orders may be grounds for dismissal or future sanctions. E.D. Cal. L. R. 183(a).

The court will provide plaintiffs one last opportunity to accept service by mail of the motion for summary judgment and submit a formal statement of opposition, or statement of non-opposition.

Moreover, as a courtesy, the court will inform the plaintiffs of the following requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Such a motion is a

request for an order for judgment in favor of the defendant without trial. A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are. Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendant's evidence with counter-affidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion. If plaintiff does not serve and file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion. See L.R. 230(l). If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

For the reason explained above, IT IS HEREBY ORDERED that:

1. The Order to Show Cause, ECF No. 58 is hereby DISCHARGED in its entirety;
2. Defendant is directed to re-serve the motion for summary judgment (ECF No. 55) on plaintiffs by mail within 7 days from the date of this order, and submit a certificate of service with the court shortly thereafter;
3. Defendant is also directed to send plaintiffs a copy of this order (but not the motion for summary judgment) by email as a one-time courtesy;
4. Plaintiffs shall file an opposition - or a statement of non-opposition - to the motion, no later than July 30, 2018. Failure to timely file an opposition or statement of non-opposition may be deemed a waiver of any opposition to the granting of the motion

3

and may result in sanctions. A reply, if any, shall be served and filed no more than seven (7) days after the opposition has been filed. No further briefing will be considered. Upon completion of the briefing here ordered, the matter will be submitted upon the record without oral argument pursuant to Local Rule 230(l).

5. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default. See Fed. R. Civ. P. 41(b).

DATED: June 22, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE