.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJ SINGH and KAREN SINGH a/k/a KIRAN RAWAT,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SACRAMENTO,<br><br>Defendant. | No. 2:15-cv-00997 AC PS<br><br><br>ORDER |

This matter comes before the court on defendant's motion for summary judgment. ECF No. 55. The motion was submitted upon the record without oral argument pursuant to Local Rule 230(l). ECF No. 61. The parties have consented to the jurisdiction of the magistrate judge. ECF Nos. 24, 36, 37 (Order of Reassignment). For the reasons stated below, defendant's motion for summary judgment is GRANTED.

**I. BACKGROUND**

A. Relevant Procedural Background

Plaintiffs Raj Singh and Karen Singh a.k.a. Kiran Rawat ("Karen Singh") bring this action pursuant to 42 U.S.C. § 1983. ECF No. 1 at ¶4. The complaint presents claims based on illegal search and seizure, deprivation of property without due process, and the taking of property without just compensation. Id. at ¶¶32-37, 41-45, 48-51. In addition, the complaint presents state

law claims including violation of state health and safety codes; trespass to chattels; civil conspiracy; denial of due process; intentional infliction of emotional distress; and negligent infliction of emotional distress. Id. at ¶¶26-29, 30-31, 38-40, 46-48, 52-60, 61-63. Plaintiffs seek equitable relief as well as punitive and monetary damages. Id. at ¶¶64-67. Defendant answered on May 17, 2016. ECF No. 16.

### B. The Complaint

Plaintiffs allege they are the "owners and managers" of the real properties located at 3764 7th Avenue, Sacramento, CA; 2750 Crosby Way, Sacramento, CA; and 7809 Cotton Lane, Sacramento, CA (collectively referred herein as "real properties"). ECF No. 1 at ¶12.

Plaintiffs allege that from "2010 through 2014," defendant suspended plaintiff's building permits without providing a due process hearing. Id. at ¶16. Plaintiffs further allege that "from 2012 to present," defendant stopped providing trash service to the real properties which resulted in defendant declaring plaintiffs' real properties "uninhabitable." Id. at ¶13. Plaintiffs continued to be charged for the trash service, even though no city service was provided or accessible. Id. After the real properties were declared "uninhabitable," defendant "refused to remove or cite or to arrest any occupant" that was illegally occupying the real properties. Id. at ¶14. Plaintiffs allege that due to the "acts of" defendant which resulted in "either vacancy or unable to rent, the City still charged for the utilities without providing any due process hearing." Id. at ¶15.

"From 2012 through 2014," defendant "boarded and reboarded" the real properties "in an attempt to harass the owners and occupants resulting in breakage of windows and other damages." Id. at ¶18. "For the last four years," defendant has "illegally cited the real properties" in "violation of California Health and Safety Code to abate the nuisance created by the illegal occupants[.]" Id. at ¶ 22. Plaintiff alleges that buildings on the subject real properties have been demolished "without informing plaintiffs" and without providing a due process hearing. Id. at 24.

Defendant moves for summary judgment on the grounds that (1) plaintiff Raj Singh does not have standing to pursue these claims, and (2) plaintiff Karen Singh cannot prevail on her Section 1983 claims, nor the supplemental state claims, as a matter of law. ECF No. 55-1 at 6.

////

2

## II. REQUEST FOR JUDICIAL NOTICE

Defendant has requested that the court take judicial notice of several documents. ECF No. 55-3; see also ECF No. 55-4 at 5, 9, 15-16 (parcel information for the subject real properties from the Sacramento County Parcel Viewer search engine website located at http://inside.gis.saccounty.net/jsviewer/parcel.html# )[1]; ECF No. 55-4 at 2-4 (grant deed recorded with the County of Sacramento for the real property located at 2750 Crosby Way, Sacramento, CA); ECF No. 55-4 at 8 (tax deed recorded with the County of Sacramento for the real property located at 3764 7th Ave, Sacramento, CA); ECF No. 55-4 at 12-14 (grant deed recorded with the County of Sacramento for the real property located at 7809 Cotton Lane, Sacramento, CA). Plaintiffs do not oppose the request. The court will take judicial notice of the documents submitted by defendant because they involve matters of public record. See Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004).

## III. STATEMENT OF UNDISPUTED FACTS

Unless otherwise specified, the following facts are either expressly undisputed by the parties or have been determined by the court, upon full review of the record, to be undisputed by competent evidence. The defendant's statement of undisputed facts is located at ECF No. 55-1. Plaintiff's responses are located at ECF No. 64-2. Defendant has also filed a reply to plaintiff's statement of undisputed facts located at ECF No. 65.[2]

1. Plaintiff Raj Singh does not own the real property located at 3764 7th Avenue, Sacramento CA. Certified Deposition Transcript of Raj Singh, October 24, 2017 ("Raj Singh 2017 Depo.") at 30:20-23; Certified Deposition Transcript of Karen Singh

---

[1] The website provided by defendant resulted in a deadlink. However, the court has reviewed the submitted documentation and finds that it may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201.

[2] Plaintiffs have also filed a surreply labeled as an "opposition." ECF No. 66. Neither the Local Rules nor the Federal Rules authorize, as a matter of right, the filing of a surreply. Nevertheless, a district court may consider the substance of a surreply "where a valid reason for such additional briefing exists." Hill v. England, No. 1:05-cv-0869 REC TAG, 2005 WL 3031136, at *1, (E.D. Cal. Nov. 8, 2005). Here, the court finds no good cause exists to do so. The surreply reiterates arguments made in the original opposition, and contain no new arguments essential to the determination of defendant's motion. The court therefore will disregard plaintiffs' surreply.

|   |   |
|---|---|
| 1 | a.k.a. Kiran Rawat, October 24, 2017 ("Karen Singh 2017 Depo.") at 32:16-18; ECF |
| 2 | No. 55-4 at 5-6, 8. |

2. Raj Singh does not own the real property located at 2750 Crosby Way, Sacramento, CA. Raj Singh 2017 Depo. at 30:24-25, 31:1-2; Karen Singh 2017 Depo. at 32:19-21; ECF No. 55-4 at 2-4, 9-10.

3. Raj Singh does not own the real property located at 7809 Cotton Lane, Sacramento, CA. Raj Singh 2017 Depo. at 31:3-6; Karen Singh 2017 Depo. at 32:22-25, 33:1; ECF No. 55-4 at 12-16.

- Plaintiff Karen Singh a.k.a. Kiran Rawat is the sole owner of the property located at 3764 7th Avenue, Sacramento, CA. Karen Singh 2017 Depo. at 29:17-21; ECF No. 55-4 at 5-6, 8.

4. Karen Singh a.k.a. Kiran Rawat is the sole owner of the property located at 2750 Crosby Way, Sacramento, CA. Karen Singh 2017 Depo. at 31:6-8; ECF No. 55-4 at 2-4, 9-10.

5. The property located at 7809 Cotton Lane, Sacramento, CA is held by Karen Singh a.k.a. Kiran Rawat as Trustee of the Sitaram Trust ("Trust"), dated in 2007. Karen Singh 2017 Depo. at 32:3-10; ECF No. 55-4 at 12-16.

6. Karen Singh is the sole trustee of the Sitaram Trust. Karen Singh 2017 Depo. at 27:18-25; Raj Singh 2017 Depo. at 29:21-25, 30:6-8. Karen Singh's daughter is the sole beneficiary of the Trust. Karen Singh 2017 Depo. at 28:1-4.

## IV. MOTION FOR SUMMARY JUDGMENT

Defendant moves for summary judgment on all of the claims on the grounds that (1) Raj Singh does not have standing to pursue these claims, and (2) Karen Singh cannot prevail on her claims, as a matter of law. ECF No. 55-1 at 6. The court agrees that judgment must be entered for defendant as a matter of law.

A. Legal Standard for Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

4

Civ. P. 56(a). "A party may move for summary judgment, identifying each claim . . . or the part of each claim . . . on which summary judgment is sought. Id. A material fact is one that could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For a dispute to be "genuine," a reasonable jury must be able to return a verdict for the nonmoving party. Id. Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such cases, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials

of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson, 477 U.S. at 248 (1986); see also T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 447 U.S. at 248.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

To establish a genuine dispute of material fact, a plaintiff must present affirmative evidence; "[b]ald assertions that genuine issues of material fact exist are insufficient." Galen v. County of Los Angeles, 477 F.3d 652, 658 (9th Cir. 2007). "In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Costa County Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289). Indeed, "[t]he mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient" to overcome a motion for summary judgment.

Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995) (citing Anderson, 447 U.S. at 252). In applying these rules, district courts must "construe liberally the filings and motions of a pro se [litigant] in a civil suit." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (italics original). "[I]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed.R.Civ.P. 56(e)(2).

B.  Standing

The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring that plaintiffs have standing. Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). To have Article III standing, a plaintiff must plead and prove that he has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the United States Constitution. Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013) (quoting Raines v. Byrd, 521 U.S. 811, 818 (1997)). The case or controversy requirement ensures that federal courts do not decide questions that cannot affect the rights of litigants in the case before them, or give opinions advising what the law would be upon a hypothetical state of facts. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). Accordingly, the standing doctrine "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction," so that "there is a real need to exercise the power of judicial review in order to protect the interests of the complaining party." Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009) (emphasis in original) (internal quotation marks and citations omitted).

To demonstrate Article III standing, a plaintiff must therefore allege: (1) injury-in-fact that is concrete and particularized, as well as actual or imminent; (2) that the injury is traceable to the challenged action of the defendant; and (3) that the injury is redressable by a favorable ruling. Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010) (citation omitted); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements ... with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561 (citations omitted).

1. Plaintiff Raj Singh Lacks Standing to Sue

Defendant argues that Raj Singh lacks standing to pursue his claims because he does not suffer an injury in fact. Defendant alleges that plaintiff Raj Singh "does not own any of the subject properties" that are at issue, "nor is he a trustee or beneficiary of the Sitaram Trust." ECF No. 55-1 at 10. In opposition to summary judgment, plaintiffs argue that the state court has ruled that plaintiff "Raj Singh is the Trustee of Sitaram Trust and the owner of the properties owned by Sitaram Trust [or by any Trust or by Karen Singh]." ECF No. 64 at 5 (citing Fernandes v. Singh, 16 Cal. App. 5th 932 (2017), as modified on denial of reh'g (Nov. 2, 2017), review denied (Jan. 10, 2018), cert. denied, 138 S. Ct. 2657 (2018)). However, as defendant correctly notes, Fernandes did not establish plaintiff Raj Singh's ownership rights in the real properties. Instead, the court found that plaintiff Raj Singh lacked standing to raise claims on behalf of the Trust because he did not maintain a legally cognizable interest in the real properties. See Fernandes, 16 Cal. App. 5th at 943 (citing In re J.T., 195 Cal. App. 4th 707, 717 (2011)).

It is clear from plaintiffs' depositions and the property deeds that Raj Singh does not own or hold any interest in the real properties at issue in this case, nor is he a trustee. See Raj Singh 2017 Depo. at 29:21-25, 30:6-8, 30:20-23, 30:24-25, 31:1-2, 31:3-6; Karen Singh 2017 Depo. at 27:18-25, 28:1-4, 32:16-18, 32:19-21, 32:22-25, 33:1; ECF No. 55-4 at 2-6, 8-10, 12-16. To establish injury in fact, Raj Singh must show that he has suffered "an invasion of a legally protected interest." Lujan, 504 U.S. at 560. Because he has no legally protected interest in the subject properties, Raj Singh cannot demonstrate the injury necessary for Article III standing. Defendant is entitled to judgment on all claims purportedly brought by, and asserting the rights of, Raj Singh.

2. Plaintiff Karen Singh, as an Individual, Lacks Standing to Represent Claims Belonging to the Trust

Plaintiff Karen Singh, in her individual capacity, raises § 1983 claims and state law claims relating to the real property located at 7809 Cotton Lane, Sacramento, CA. As the deposition testimony and other evidence establish, this property is held in trust. See ECF No. 55-4 at 12-16. Plaintiffs do not dispute that certain claims raised in their complaint implicate claims belonging to

the Trust. See ECF No. 1 at ¶1; ECF No. 64 at 4. Although defendant does not raise lack of standing as to plaintiff Karen Singh in her individual capacity, "federal courts are required sua sponte to examine jurisdictional issues such as standing." B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999).

Under California law "the trustee is the real party in interest with standing to sue and defend on the trust's behalf." Estate of Giraldin, 55 Cal. 4th 1058, 1074 (2012) (internal quotation marks omitted); see also Cal. Civ. Pro. §369. "[A] trust is not an entity and any action by or against the trust must proceed through the trustees […] in their representative capacity, as it is the trustees who hold title to the property held in trust." Portico Mgmt. Grp., LLC v. Harrison, 202 Cal. App. 4th 464, 475 (2011). Karen Singh brings this lawsuit only in her individual capacity. Because any injury to interests in the subject properties is an injury to the Trust, not to Karen Singh personally, she lacks standing as an individual under Article III and under California law.

Moreover, as a pro se plaintiff Ms. Singh would be unable to represent the Trust in her representative capacity. See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697-98 (9th Cir.1987) (a non-attorney trustee may not represent a trust in pro se in federal court.); see also E.D. Cal. L. R. 183(a) (a corporation or *other entity* may appear only by an attorney) (emphasis added). Accordingly, even if the complaint were construed as brought by Karen Singh as Trustee, she would be unable to proceed and all claims would be subject to dismissal. See C.E. Pope, 818 F.2d at 697-98 (affirming dismissal where pro se trustee appeared on behalf of trust).

C. Section 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting

under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987). As the moving party, defendant bears the initial burden on summary judgment of pointing out "an absence of evidence to support [Plaintiff's] case." Celotex, 477 U.S. at 325.

Plaintiffs allege illegal search and seizure, and the taking of property without due process and just compensation. Plaintiffs allege that defendants violated their constitutional rights by presenting no warrants prior to inspecting the real properties "thereby causing its ultimate seizure by destruction[;]" demolishing the real properties "with no prior notice or opportunity to be heard, to contest and to exercise any of the plaintiffs' rights" and in effect creating a "taking of plaintiffs' property without any offer of just compensation[.]" ECF No. 1 at ¶¶33-36, 42-44, 49-51. Defendant argues that plaintiff has failed to present or identify sufficient evidence to support their claims. The court agrees. Not only have plaintiffs failed to fully participate in timely discovery, they have failed to provide evidence to support their claims. Instead, in their opposition, plaintiffs argue that "[p]laintiffs have evidence now to prove their case from the City and from other sources. A judge can be obtained based on the testimony only. The testimony is also an evidence. We obtained the evidence after we provided responses to the discovery. Accordingly, our responses to the discovery is not a final for the evidence." ECF No. 64 at 7.

Not only are conclusory allegations insufficient to state a claim under § 1983, "[c]onclusory allegations[], without factual support, are insufficient to defeat summary judgment." Nat'l Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997) (citation omitted). "[T]he purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." Lujan, 497 U.S. at 888–89. Plaintiffs cannot defeat summary judgment by merely alluding to *potential* evidence after discovery has closed. Moreover, "[t]he opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers." E.D. Cal. L. R. 260(b) (citing E.D. Cal. L.R. 133(j)). Plaintiff has not done so here. Accordingly, plaintiffs have failed to meet their

////

burden of demonstrating that a genuine issue of material fact exists. Accordingly, defendant is entitled to summary judgment on all § 1983 claims.

D. State Law Claims

For the reasons already explained, defendant is entitled to summary judgment on all federal claims presented in this case. A district court "may decline to exercise supplemental jurisdiction over a claim [] if the district court has dismissed all claims over which the district court has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir.1997). Here, the court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims.

## V. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendant's motion for summary judgment (ECF No. 55) is GRANTED in full;

2. Judgment is to be entered in favor of Defendant City of Sacramento; and

3. The Clerk is directed to close the case.

DATED: March 26, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE