UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJ SINGH and KAREN SINGH a/k/a KIRAN RAWAT,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SACRAMENTO,<br><br>Defendant. | No. 2:15-cv-00997 AC PS<br><br>ORDER |

Before the court is plaintiffs' motion to "modify and/or set aside" the court's summary judgment order in this closed case. ECF No. 69. Plaintiffs were proceeding in this matter pro se, and the parties consented to the jurisdiction of the magistrate judge. ECF Nos. 24, 36. The court construes plaintiffs' request as a motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. For the following reasons, plaintiffs' request is DENIED.

## I. RELEVANT PROCEDURAL HISTORY

Plaintiffs filed their complaint in May 2015 against the City of Sacramento for various alleged infringements and takings of their real property. ECF No. 1. Defendant ultimately moved for summary judgment, and plaintiffs opposed the motion. ECF Nos. 55, 64. On March 26, 2019, the court granted summary judgment in favor of defendant, in part on the basis that plaintiff Raj Singh had no ownership interest in the property at issue. ECF No. 67 at 8. Judgment was entered the same day, and the case was closed. ECF Nos. 67, 68.

## II. THE MOTION

On April 9, 2019, plaintiffs filed the instant motion to "modify and/or set aside" the judgment. ECF No. 69. Plaintiffs contend that their case should have been tried on the merits because, among other things: (1) it is a case of great importance, (2) tenants also have property interests, (3) they are subject to filing restrictions in state court, and (4) the burden of proof rested on defendant as the party with superior knowledge. Id. at 2-4, 10-12. The court construes the filing as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

## III. ANALYSIS

Rule 60(b) provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Motions to reconsider are committed to the discretion of the trial court. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925–26 (9th Cir. 1988). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances . . . claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The moving party must also show "why the [new] facts or circumstances were not shown at the time of the prior motion." Id.

Plaintiffs' motion for reconsideration must be denied because they have not presented any new facts or circumstances, or changes in the law, meriting reconsideration. Instead, they put forth general arguments which have no bearing on this court's prior order.

////

////

////

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 69) is DENIED. This court's prior entry of judgment is final.

IT IS SO ORDERED.

DATED: April 11, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE